UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMELIA MORTON | ) | |
| 4308-3 Hyde Park | ) | |
| North Olmsted, OH 44070 | ) | |
| | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| MOBILE AIR, LLC | ) | |
| | ) | |
| Serve: | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way | ) | |
| Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TIOGA AIR HEATERS, LLC | ) | |
| | ) | |
| Serve: | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way | ) | |
| Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RELIABLE CONSTRUCTION HEATING | ) | |
| & COOLING, LLC | ) | |
| | ) | |
| Serve: | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way | ) | |
| Suite 125 | ) | |
| Columbus, OH 43219 | ) | |

|                               | )   |
|                               | )   |
| Defendants.                   | )   |

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for all of the hours she worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims occurred in Cuyahoga County, Ohio, within this District and Division. Plaintiff was also employed in Cuyahoga County.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendants conducted business in Cuyahoga County.

7. At all times relevant herein, Defendants sold and rented commercial climate control equipment.

8. At all times relevant herein, Plaintiff was employed by Defendants in Cuyahoga County.

9. In 2015, Defendant Tioga acquired Defendants Mobile and Reliable ("The Merger").

10. Before The Merger, Defendant Tioga's principle place of business was in Minnesota. Tioga then moved its principle place of business to Cuyahoga County, Ohio.

11. Before The Merger, Defendant Mobile's principle place of business was in Michigan. Mobile then moved its principle place of business to Cuyahoga County, Ohio.

12. Before and after The Merger, Defendant Reliable's principle place of business was in Cuyahoga County, Ohio.

13. At all times relevant herein, Defendants were employers of Plaintiff within the meaning of 29 U.S.C. § 203(d), as Plaintiff performed work for all three Defendants and Defendants shared management employees.

14. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

15. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**FACTUAL ALLEGATIONS**
**(Failure to Pay Overtime Compensation)**

17. Plaintiff was employed by Defendants between approximately February 2016 and March 2017.

18. During Plaintiff's employment with Defendants, Defendants employed Plaintiff as an office worker who performed general collections and processed credit applications.

19. Plaintiff did not have authority to hire, fire, or promote employees.

20. Plaintiff's primary duty was not engaging in management.

21. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

22. Plaintiff worked over 40 hours per week, but Defendants failed to pay Plaintiff overtime compensation for the hours she worked over 40 in a workweek.

23. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for the hours she worked over 40 in a workweek.

24. Plaintiff worked approximately 525 hours of overtime during her employment with Defendants.

## COUNT ONE
### (Fair Labor Standards Act Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Defendants' failure to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for all of the hours she worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

27. By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

28. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received overtime due to her pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B.	Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C.	Award Plaintiff pre- and post-judgment interest at the statutory rate;

D.	Award Plaintiff attorneys' fees, costs, and disbursements; and

E.	Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
david @lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

 /s/ David J. Steiner
Attorney for Plaintiff